IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOANNE SOLOMOS, | ) | |
| | ) | **Case No. 07 C 6839** |
| Plaintiff, | ) | **Case No. 09 C 6094** |
| v. | ) | **(CONSOLIDATED)** |
| | ) | |
| TAMAYO FINANCIAL SERVICES, INC., | ) | Hon. Judge Elaine Bucklo |
| AHMAD ROHERMY, in his individual capacity, | ) | Mag. Judge Schenkier |
| and HANI AMRA, in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TAMAYO FINANCIAL SERVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Upon a showing of good cause and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., this Court imposes the following against Defendant Tamayo Financial, Inc. ("Tamayo Financial") to compensate victims of sexual harassment by Tamayo Financial and to ensure that Tamayo Financial employees face no further violations of Title VII with respect to sexual harassment and retaliation:

      a.    Tamayo Financial Services, Inc. is ordered to pay $599,371 in back pay to Joanne Solomos.

      b.    Tamayo Financial Services, Inc. and Ahmad Rohermy are ordered to pay jointly and severally $200,000 in compensatory damages to Joanne Solomos.

      c.    Tamayo Financial Services, Inc. and Ahmad Rohermy are ordered to pay jointly and severally $15,600 to Joanne Solomos for the cost of future medical treatment.

      d.    Tamayo Financial Services, Inc. and Ahmad Rohermy are ordered to pay jointly and severally $100,000 in punitive damages to Joanne Solomos.

      e.    Tamayo Financial Services, Inc. is ordered to pay $100,000 to Margot Campeanu in compensatory damages.

      f.    Tamayo Financial Services, Inc. is ordered to pay $100,000 to Margot Campeanu in punitive damages.

      g.    Tamayo Financial Services, Inc. is ordered to pay $50,000 to Maria Guzman in compensatory damages.

      h.    Tamayo Financial Services, Inc. is ordered to pay $25,000 to Maria Guzman in punitive damages;

      i.    Tamayo Financial Services, Inc. is permanently prohibited from engaging in any employment practice which discriminates on the basis of sex.

      j.    Tamayo Financial Services, Inc. is permanently prohibited from engaging in sexual harassment or discrimination of any employee.

      k.    Tamayo Financial Services, Inc. is permanently prohibited from creating, facilitating or tolerating the existence of a work environment that is sexually hostile to employees.

      l.    Tamayo Financial Services, Inc. is permanently prohibited from retaliating in any way against any person because such person has opposed any

practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under Title VII or benefited in any way from this action.

   m. Tamayo Financial Services, Inc. is ordered to post a Notice advising all of its employees at all of its Illinois facilities of the findings of the Court in this action and of the relief ordered by the Court, which Notice shall be approved and signed by the Court. The Notice shall be posted in prominent locations at all of Tamayo Financial's Illinois facilities for a period of three (3) years.

   n. Tamayo Financial Services, Inc. is ordered to hire an Outside Monitor who will have the responsibility to investigate independently and confidentially any and all complaints of sexual harassment and retaliation reported to Defendant and those made directly to him of her for a period of three (3) years. Tamayo Financial's is ordered to provide EEOC with its selection for Outside Monitor to EEOC for approval within thirty (30) days of the entry of this Order. If the parties are unable to agree to the selection of the Outside Monitor, any disputes shall be submitted to the Court for resolution.

   o. Tamayo Financial Services, Inc. is ordered to develop a written policy against sexual harassment and retaliation, which includes, at a minimum: (i) definitions of sexual harassment and retaliation, and examples of behavior that could constitute sexual harassment and retaliation; (ii) a provision that employees' complaints of sexual harassment and/or retaliation may be made orally or in writing; a provision that employees can complain of sexual

harassment and or retaliation to any person in the chain of command above the employee or to the Outside Monitor, whose name, address and telephone number shall be included in the policy; (iii) a provision that an employee found to have engaged in sexual harassment and/or retaliation will be subject to discipline, up to and including termination; (iv) a provision that employees are not required to complain of sexual harassment and/or retaliation to a person against whom they allege harassment; (v) a provision that employees who complain of sexual harassment and/or retaliation, or who provide information related to such complaints will not be retaliated against and that employees engaging in retaliation will be subject to discipline, up to and including termination; and (vi) a provision that, promptly upon the conclusion of its investigation of a complaint, Defendant will communicate to the complaining party the results of the investigation. Such policy shall be distributed to all Tamayo Financial employees and shall be included in any relevant policy or employee handbooks or manuals kept by Tamayo Financial. Such policy shall also be posted in conspicuous and accessible places for all employees at Tamayo Financial's Illinois facilities. Such policy shall be submitted to the EEOC for review within thirty (30) days of the entry of this Order. If the parties are unable to agree to the content of such policy, any disputes shall be submitted to the Court for resolution.

  p. Tamayo Financial Services, Inc. is ordered to develop a training program which will require all of Tamayo Financial's employees at its Illinois facilities, including Tamayo Financial's owners, to be trained concerning sexual harassment and retaliation. Tamayo Financial shall provide training on the

requirements of Title VII for all employees at its Illinois facilities every twelve (12) months during the next three years with respect to the prevention and eradication of sexual harassment and retaliation from the workplace. Juan Tamayo, Jose Tamayo and Luis Tamayo shall be required to attend individual training sessions separate from Tamayo Financial's other employees. Such training program shall be submitted to EEOC for approval within thirty (30) days of the entry of this Order. If the parties are unable to agree to the content of such training, any disputes shall be submitted to the Court for resolution.

   q. Tamayo Financial Services, Inc. and the Outside Monitor are ordered to jointly report to the EEOC every six months for a period of three (3) years regarding its compliance with this Order, including:

   (i) Copies of all training materials distributed to its employees regarding sexual harassment and retaliation, including identification by name and position of the persons receiving the training conducted during the reporting period;

   (ii) Descriptions of any complaints of sexual harassment and/or retaliation received by Tamayo Financial or its Outside Monitor during the reporting period;

   (iii) Descriptions of all actions taken by Tamayo Financial in response to any complaint(s), including whether or not it conducted an investigation and the outcome of the same.

The Court will retain jurisdiction of this matter for three (3) years. Final judgment is entered as set forth above.

   **IT IS ORDERED** that the above Order is approved and adopted by this Court.

               **ENTER ORDER:** _/s/ Elaine E. Bucklo_

Dated:___6/28/10_____      _____

5

6

_____

**Honorable Elaine E. Bucklo**
**United States District Court Judge**

**EXHIBIT B**
**NOTICE TO ALL EMPLOYEES AND APPLICANTS OF**
**TAMAYO FINANCIAL SERVICES, INC.**

This Notice is being posted pursuant to a Court Order entered by the federal court in <u>EEOC v. Tamayo Financial Services, Inc.,</u> No. 09 C 6094 (N.D. Ill.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Tamayo Financial Services, Inc. ("Tamayo Finacial").

In its suit, the EEOC alleged that Defendant Tamayo Financial Services, Inc. discriminated against Joanne Solomos ("Solomos") and a class of female employees by subjecting them to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").  EEOC further alleges that Defendant retaliated against Solomos by firing her when she complained of the sexual harassment, in violation of Title VII.

On May 13, 2010, a default judgment was entered against Tamayo Financial.  After conducting a hearing, the judge has ordered as follows:

1) Tamayo Financial will make a monetary payment in the amount of $ to the aggrieved employees;

2) Tamayo Financial will not discriminate against employees on the basis of sex and will not permit or engage in sexual harassment;

3) Tamayo Financial will not retaliate against any employee because (s)he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination or participated in any Title VII proceeding;

4) Tamayo Financial will provide mandatory training to employees regarding sexual harassment and retaliation, including mandatory individual training for Juan Tamayo, Jose Tamayo and Luis Tamayo; and

5) An outside representative, [insert name], will be appointed to receive, investigate and remedy any complaints of sexual harassment and retaliation for the next three (3) years.  [Insert name] can be contacted at [insert address, phone number, email].

EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability.  If you believe you have been discriminated against, you may contact EEOC at (312) 353-8195.  EEOC charges no fees and has a TTD number.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material.  Any questions about this Notice or compliance with its terms may be directed to: June Wallace Calhoun, EEOC, 500 West Madison Street, Suite 2800, Chicago, IL 60661.**

____6/28/10_____            _____
Date                                          Judge Elaine E. Bucklo
                                                    United States District Court